**United States District Court**
For the Northern District of California

1

2

3                                                           *E-Filed 5/27/11*

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12    XAVIER GONZALES,                    No. C 10-2442 RS (PR)

13            Plaintiff,                  **ORDER GRANTING DEFENDANTS'
                                          MOTION FOR SUMMARY**
14       v.                               **JUDGMENT**

15    T. URIBE, et al.,

16            Defendants.
                                    /
17

18                             **INTRODUCTION**

19        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

20   prisoner.  For the reasons stated herein, defendants' motion for summary judgment is

21   GRANTED as to all claims against all defendants.

22                             **BACKGROUND**

23        This action arises from an attack on plaintiff on October 4, 2009 by Mark Gentle,

24   who, like plaintiff, was an inmate at Salinas Valley State Prison ("SVSP").  The following

25   facts are undisputed, unless noted otherwise.  On October 4, 2009, plaintiff was housed in

26   Facility A of SVSP, categorized by prison authorities as a "Protective Custody/ Sensitive

27   Needs" inmate.  Gentle was also in Facility C as an un-classified inmate pending his

28

1  assignment to appropriate housing.  Around noon that day, an inmate returned to his cell,

2  which was next to Gentle's.  Correctional officer Uribe, working in the control booth, pushed

3  a button to open the door to that inmate's cell.  At the same time, Uribe pushed the button

4  that opened Gentle's cell door.  Uribe immediately tried to close Gentle's door when she saw

5  what she had done.  Gentle, however, forced his way past the cell door as it was closing.

6  Around this time, plaintiff was in the showers.  After leaving his cell, Gentle ran down the

7  stairs to where  plaintiff was standing and struck plaintiff with his fists.  Uribe shouted at

8  Gentle to stop and lie on the floor.[1]  Correctional officers Valencia and Franklin, in response

9  to Uribe's shout, turned to see Gentle and plaintiff fighting, sounded their alarms, and ran to

10 stop the fight, which, with some difficulty, they did.  Plaintiff claims that defendants violated

11 his Eighth Amendment rights by failing to protect him from the attack by Gentle. More

12 specifically, plaintiff alleges that (1) Uribe was responsible for releasing Gentle; and

13 (2) Valencia and Franklin failed to supervise Gentle properly.

**DISCUSSION**

14

15 **I.     Standard of Review**

16      Summary judgment is proper where the pleadings, discovery and affidavits

17 demonstrate that there is "no genuine issue as to any material fact and that the moving party

18 is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those

19 which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

20 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a

21 reasonable jury to return a verdict for the nonmoving party. *Id*.

22      The party moving for summary judgment bears the initial burden of identifying those

23 portions of the pleadings, discovery and affidavits which demonstrate the absence of a

24 genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  On an

25 issue for which the non-moving party will have the burden of proof at trial, as is the case

26

27      [1] Plaintiff asserts that Uribe did not issue a verbal order to Gentle before he attacked
   plaintiff, but he does not dispute that Uribe ordered Gentle to lie down during the attack. (Opp.
28 at 5–6.)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  here, the moving party need only point out "that there is an absence of evidence to support

2  the nonmoving party's case." *Id*. at 325.

3  Once the moving party meets its initial burden, the nonmoving party must go beyond

4  the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that

5  there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with

6  disputes over material facts and "factual disputes that are irrelevant or unnecessary will not

7  be counted." *Anderson*, 477 U.S. at 248.  It is not the task of the court to scour the record in

8  search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir.

9  1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the

10  evidence that precludes summary judgment. *Id*.  If the nonmoving party fails to make this

11  showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at

12  323.

13  **II.     Eighth Amendment Duty to Protect**

14  Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to

15  protect him from the violent attack by Mark Gentle.  The Eighth Amendment requires that

16  prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v.*

17  *Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect

18  prisoners from violence at the hands of other prisoners. *Id.* at 833.  The failure of prison

19  officials to protect inmates from attacks by other inmates or from dangerous conditions at the

20  prison violates the Eighth Amendment only when two requirements are met:  (1) the

21  deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

22  subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834.

23  Regarding the deliberate indifference prong of this analysis, a prison official cannot be

24  held liable under the Eighth Amendment for denying an inmate humane conditions of

25  confinement unless the standard for criminal recklessness is met, i.e., the official knows of

26  and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837.

27  The official must both be aware of facts from which the inference could be drawn that a

28

1  substantial risk of serious harm exists, and he must also draw the inference.  *See id.*  Neither

2  negligence nor gross negligence will constitute deliberate indifference.  *See* at 835–36 & n.4;

3  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Allegations in a *pro se* complaint sufficient to

4  raise an inference that the named prison officials acted with deliberate indifference — i.e,

5  that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk

6  by failing to take reasonable measures to abate it — states a "failure-to-protect" claim.

7  *Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005).

8  ### A.   Uribe's Release of Gentle

9  Plaintiff claims that Uribe violated his Eighth Amendment rights by causing the

10  circumstances under which Gentle was able to escape his cell and attack plaintiff.  As to

11  these claims, defendants have met their *Celotex* burden by (1) presenting evidence that

12  Uribe's release of Gentle was an accident, and not the result of deliberate indifference, (MSJ,

13  Uribe Decl. ¶¶ 4–5), and (2) pointing out that plaintiff has not presented any evidence that

14  Uribe knew of, and disregarded, a risk to plaintiff's safety when she pressed the button to

15  Gentle's cell (MSJ at 8).

16  Plaintiff, however, has not met his burden.  Plaintiff avers only that Uribe "just let"

17  Gentle out of his cell.  (Pl.'s Opp. to MSJ ("Opp.") at 6).  "Just let" fails to show a triable

18  issue of material fact.  First, plaintiff's assertion appears in his unverified opposition, and not

19  in the verified declaration, and therefore cannot be considered evidence.  Second, "just let,"

20  even interpreted broadly, shows at worst negligence or gross negligence, which is

21  insufficient to show deliberate indifference.  *See Farmer*, 511 U.S. at 835–36 & n.4.  Plaintiff

22  also attempts to show a triable issue by asserting that Uribe's state of mind is a matter of fact

23  for a jury.  Such statements are legal conclusions, not evidence.

24  ### B.   Remedial Actions

25  Plaintiff claims that Uribe, Valencia, and Franklin failed to take appropriate steps after

26  Gentle's release.  Plaintiff asserts that Uribe could have, but did not, issue a direct order to

27  Gentle over the loudspeaker, activate an alarm, fire a non-lethal round at Gentle, or inform

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  nearby correctional officers of Gentle's escape.  (Pl.'s Opp. to MSJ at 5–6.)  Plaintiff also

2  asserts that correctional officers Valencia and Franklin failed to act when Gentle "ran" past

3  them on his way to attack plaintiff.  (*Id.* at 6–7.)

4      Defendants have met their *Celotex* burden by presenting evidence, undisputed by

5  plaintiff, that they took appropriate and timely action.  First, Uribe asserts that she

6  immediately recognized her mistake and then attempted to prevent Gentle's escape by

7  closing his door, though Gentle did escape.  (MSJ, Uribe Decl. ¶¶ 4–5.)  Second, defendants

8  have presented evidence, undisputed by plaintiff, that Valencia and Franklin could not act to

9  protect plaintiff until they became aware of Gentle's presence, an apprehension delayed by

10  the fact that Gentle came from behind them.  (*Id.*, D. Franklin Decl. ¶¶ 3–4; P. Valencia

11  Decl. ¶¶ 3–4.)  Defendants could not act until Gentle was actually in contact with plaintiff

12  because Gentle ran from behind Valencia and Franklin and then toward plaintiff.  Plaintiff

13  asserts that Valencia and Franklin failed to use effective means and simply "stood by and

14  watched" as Gentle attacked plaintiff.  This is an insufficient evidentiary showing.  Plaintiff

15  does not state how long the officers allegedly "stood by and watched."  The record indicates

16  that whatever delay occurred arose from the time it took defendants to understand what

17  events were happening.  As noted above, Gentle's direction of movement and speed

18  prevented the correctional officers from intercepting him before he reached plaintiff, and

19  further prevented them from acting for a few moments after Gentle reached plaintiff.

20      Plaintiff also alleges that defendants knew, or should have known, that Gentle was

21  dangerous, and therefore knew of a risk to plaintiff's safety.  The undisputed facts, however,

22  show that the release of Gentle was accidental.  Defendants could not have accidentally

23  disregarded a risk to plaintiff's safety.  On such a record, defendants' motion for summary

24  judgment is GRANTED in favor of Uribe, Valencia, and Franklin as to all claims.

25  //

26  //

27  //

28

1

**CONCLUSION**

2      Defendants' motion for summary judgment (Docket No. 19) is GRANTED.  The

3   Clerk will enter judgment in favor of defendants T. Uribe, P. Valencia, and D. Franklin as to

4   all claims, terminate Docket No. 19, and close the file.

5      **IT IS SO ORDERED**.

6   DATED:  May 26, 2011

   _____
   RICHARD SEEBORG
7   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California